**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quinn Brown, | No. CV-07-1666-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Micheal J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has filed a motion for summary judgment and Defendant has filed a motion to remand. Dkt. ##19, 30. For reasons stated below, the Court will grant the motions in part and deny them in part.

**I.    Background.**

Plaintiff applied for disability insurance benefits and supplemental security income on April 9, 2004, claiming disability as of October 31, 2002. Dkt. #13a, Tr. 103-06, 592. The application was denied initially and on reconsideration. Tr. 42-43. A hearing before an Administrative Law Judge ("ALJ") was held on January 23, 2006. Tr. 557-88. The ALJ issued a written decision on March 24, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 47-55. The Appeals Council vacated the decision and remanded the case for further proceedings. Tr. 90-93. A second hearing before the ALJ was held on December 19, 2006. Tr. 589-609. The ALJ issued a written decision on January 22, 2006, again finding that Plaintiff was not disabled. Tr. 47-55. This decision

became Defendant's final decision when the Appeals Council denied review. Tr. 6-8. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1.

## II.     Standard of Review.

Defendant's decision to deny benefits must be vacated "if it is not supported by substantial evidence or is based on legal error." *Robbins v. SSA*, 466 F.3d 880, 882 (9th Cir. 2006). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Id.* In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citation omitted).

## III.    Analysis.

Whether a claimant is disabled is determined using a five-step sequential evaluation process. The claimant bears the burden in steps one through four. To establish disability, the claimant must show (1) he is not currently working, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The ALJ found that Plaintiff had numerous impairments that are severe when considered in combination: history of chronic low back and neck pain, status post fusion at C4-6, history of hepatitis C, cervical and lumbar radiculopathy of the upper and lower extremities, migraine headaches, attention deficit hyperactivity disorder, bipolar disorder, depression, mixed personality disorder, anti-social and passive-aggressive personality disorder, and cannabis and cocaine abuse. Tr. 22. The ALJ determined that these impairments were not severe enough to meet or equal a listed impairment. *Id.* The ALJ concluded that Plaintiff was not disabled because he had the RFC to perform light unskilled work with restrictions. Tr. 23-26.

**A.     The Decision to Affirm or Vacate Defendant's Decision.**

Plaintiff argues that Defendant's decision must be vacated because the ALJ erred at step five of the evaluation process. Dkt. #22 at 4. Plaintiff contends that in determining his RFC the ALJ did not perform the required function-by-function assessment, improperly considered the opinions of a treating and an examining physician, and failed to assess non-exertional restrictions. *Id.* at 4-13. Plaintiff further contends that the ALJ improperly rejected third-party statements and Plaintiff's subjective complaint testimony and erroneously applied the provisions of the Dictionary of Occupational Titles. *Id.* at 13-19.

Defendant agrees that the ALJ's analysis of Plaintiff's RFC, credibility, and the vocational evidence was insufficient. Dkt. #30-2 at 2. Having considered the record as a whole, the Court concludes that Defendant's decision should be vacated because it is not supported by substantial evidence and is based on legal error. *See Robbins*, 466 F.3d at 882. The Court will grant Plaintiff's motion for summary judgment with respect to this issue.

**B.     The Decision to Remand for Further Proceedings or an Award of Benefits.**

The Court has discretion to remand the case for further proceeding or for an award benefits. *See Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). This Circuit has held that an action should be remanded for an award of benefits where there are no outstanding issues that must be resolved before a determination of disability can be made and it is clear from the record that the claimant is disabled under the Social Security Act. *See Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

The Social Security Act prohibits a claimant from receiving "disability benefits 'if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (quoting 42 U.S.C. § 423(d)(2)(C); alteration omitted). "Under the implementing regulations, the ALJ must conduct a drug abuse and alcohol analysis . . . by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol." *Id.* at 747; *see* 20 C.F.R. §§ 404.1535(b), 416.935(b)

1    Defendant argues that a remand for further proceedings is required because the
2 evidence shows that Plaintiff has a history of marijuana and cocaine use. Dkt. #30-2; *see*
3 Tr. 283-84, 347-48, 570-71. Plaintiff asserts that the case should be remanded for an award
4 of benefits because Defendant has not established a question of fact as to the materiality of
5 his drug use. Dkt. #34 at 5. Plaintiff cites no legal authority in support of this assertion.

6    Plaintiff bears the burden of showing that his drug use is not material. *See Parra*, 481
7 F.3d at 748-50. Having considered the record as a whole, the Court concludes that it does
8 not clearly show that Plaintiff's drug use is immaterial to the issue of disability. The
9 materiality of Plaintiff's drug use must be resolved by the ALJ before a finding of disability
10 can be made. A remand for further proceedings is therefore appropriate. *See Sousa v.*
11 *Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998); *Gibson v. Astrue*, No. CV 06-3003-PHX-
12 JAT, 2008 WL 906700, at *3 (D. Ariz. Mar. 31, 2008).[1]

13    Citing *Connett v. Barnhart*, 340 F.3d 871 (9th Cir. 2003), Defendant urges the Court
14 to depart from the "credit as true" doctrine and remand the case for a complete reevaluation
15 of all the evidence. Dkt. #30-2 at 4-5. The overwhelming authority in this Circuit makes
16 clear, however, that the "credit as true" doctrine is mandatory.[2] The Court will apply the
17 doctrine in this case. On remand, the ALJ shall credit as true the testimony of Plaintiff
18 (*see* Tr. 557-609), the statement of Plaintiff's wife (Tr. 131-39), and the opinions of the
19 examining physicians (Tr. 281-97) and the treating physician (Tr. 370-71).

---

21    [1]Given this ruling, the Court need not address Defendant's argument that a remand
22 for further proceedings is required because the ALJ failed to define the "sit/stand option" in
concluding that Plaintiff could perform light work with restrictions. *See* Dkt. #30-2 at 4.

23    [2]*See Varney v. Sec. of HHS*, 859 F.2d 1396, (9th Cir. 1988); *Swenson v. Sullivan*,
24 876 F.2d 683, 689 (9th Cir. 1989); *Rodriguez v. Bowen*, 876 F.2d 759, 763 & n.11 (9th Cir.
1989); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273,
25 1292 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*,
26 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926
(9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v.*
27 *Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Benecke v. Barnhart*, 379 F.3d 587, 593-95
28 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Lingenfelter v. Astrue*,
504 F.3d. 1028, 1041 (9th Cir. 2007).

In summary, Plaintiff's motion for summary judgment is granted with respect to error in the ALJ's disability determination, but denied to the extent it seeks a remand for an award of benefits. Defendant's motion to remand is granted in part and denied in part. The motion is granted to the extent Defendant seeks a remand for adjudication of the materiality of Plaintiff's drug use, but denied in all other respects.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (Dkt. #19) and Defendant's motion to remand (Dkt. #30) are **granted in part** and **denied in part** as set forth in this order.
2. Defendant's administrative decision denying benefits is **vacated**.
3. The case is **remanded** to Defendant for further proceedings consistent with this order.
4. The Clerk is directed to **terminate** this action.

DATED this 18th day of December, 2008.

_____
David G. Campbell
United States District Judge